## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 05-cv-157-HRW**

**LORETTA WEBB,**                                            **PLAINTIFF,**

v.                          **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**              **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for a disability insurance benefits on July 30, 2003 (Tr. 46-49), alleging disability beginning on January 1, 2001, due to nerves, depression, post traumatic stress disorder, nose bleeds, back and arm pain, headaches, stones, breathing problems, diabetes, memory loss and loss of eyesight.

This application  was denied initially and on reconsideration (Tr. 30-33, 36-38).

On January 14, 2005, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 209-245).  At the hearing, Ralph Crystal, a vocational expert (hereinafter "VE"), also testified (Tr. 245-250).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

2

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 16, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-20). Plaintiff was 53 years old at the time of the hearing decision (Tr. 46). She has a high school education and past work experience as a shoe factory worker, deli worker and lawn mower (Tr. 58, 63, 212).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffered from Type II diabetes, adult onset, controlled and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 19).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19). In doing so, the ALJ specifically considered Listings 12.04 and 12.06 (Tr. 17-18).

The ALJ finally found that Plaintiff could return to her past relevant work (Tr. 20).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 of the

3

sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 29, 2005 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 11] and Plaintiff also filed a Motion for Remand [Docket No. 9]. This matter is ripe for decision.

## III. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.      Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to find that she meets the requirements of Listings 12.04 and 12.06 and (2) the ALJ failed to properly consider her testimony regarding her symptoms. Plaintiff also seeks a remand for the submission of additional evidence.

### C.      Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to find that she meets the requirements of Listings 12.04 and 12.06, and thus adjudge her to be presumptively disabled at Step 3 of the sequential analysis.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis],"

5

including proving presumptive disability by meeting or exceeding a Medical

Listing at step three.    Thus, Plaintiff "bears the burden of proof at Step Three to

demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404,

subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419,

2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health*

*and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992).   If the Plaintiff "can show

an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed

impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of*

*Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

    "The listing of impairments 'provides descriptions of disabling conditions

and the elements necessary to meet the definition of disabled for each

impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269,

2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled

under a listed impairment, the claimant must meet all the requirements specified in

the Listing." *Id*.  This must be done by presenting specific medical findings that

satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990).

An impairment that manifests only some of the criteria in a particular Listing, "no

matter how severely, does not qualify." *Sullivan*, at 530.

6

In this case, Plaintiff has made no attempt whatsoever to show that her condition satisfies the numerous requirements in Listings 12.04 and 12.06. Merely listing one's diagnoses and accompanying symptoms does nothing to establish the limitations resulting therefrom, as required by these listings. Clearly, Plaintiff has failed to carry her burden in this regard.   Having reviewed the ALJ's decision as well as the record, the Court finds the ALJ's analysis at Step 3, specifically of Listings 12.04 and 12.06,  to be supported by substantial evidence on the record.

Plaintiff's second claim of error is that  the ALJ failed to properly consider her testimony regarding her symptoms.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect  to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

In this case, the ALJ found Plaintiff's allegations regarding her limitations to be "not totally credible" (Tr. 19).   Subjective claims of disabling impairment must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).  Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.

7

For example, none of the medical sources have suggested any restrictions or limitations beyond those reflected in the RFC.  Further, the record shows that despite allegations of disabling impairments, Plaintff engages in a wide variety of household and other daily activities.  The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).   In this case, the record establishes that Plaintiff drives, does light chores, cares for her personal needs, visits with family and friends and is able to live alone (Tr. 17).

The ALJ concluded that the record does not support Plaintiff's testimony regarding the intensity and persistence of her symptoms.  The Court finds no error in this assessment.  To the contrary, it is supported by substantial evidence on the record.

Finally, Plaintiff seeks a remand of this matter for the submission of additional evidence.   Although Plaintiff fails to refer to the applicable statute, the Court will construe the motion as a motion for remand pursuant to Sentence Six of 42 U.S.C. § 405(g).

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence

8

be taken before the Commissioner of Social Security, but
only upon a showing that there is new evidence which is
material and that there is good cause for the failure to
incorporate such evidence into the record in a prior
proceeding.

42 U.S.C. §405(g).  However, the limited circumstances under which

remands are permitted arise when the party seeking remand shows that: (1) there is

new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant

and probative, so that there is a reasonable possibility that it would change the

administrative result; and, (3) there is good cause for failure to submit the

evidence at the administrative level. *Willis v. Secretary of Health and Human

Services*, 727 F.2d 551, 554 (6th. Cir. 1984).  While it is not, generally, difficult for

a party seeking remand to show that evidence is new, it is, generally, onerous to

demonstrate that the new evidence is material.

In the instant case, Plaintiff has wholly failed to show that the evidence is

either new or material.   Indeed, Plaintiff's motion is completely devoid of

argument.   She merely attaches the records she wishes to make part of the record.

In her dispositive motion, Plaintiff makes the bald statement, "[s]uch evidence is

new and material and was not available at the time of the ALJ hearing on January

14, 2005."  Such perfunctory statements fall well short of the standard under

Sentence 6.   As such, the Court finds Plaintiff's Motion for Remand to be without

9

merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Remand be **OVERRULED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 2ʒ day of July, 2006.

Henry R. Wilhoit, Jr., Senior Judge

10